IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER JOHNSON, III
     Petitioner,

v.                            Case No. 3:24cv56/LAC/MAL

WARDEN GARRETT,
FORREST CITY LOW
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's failure to respond to an Order to Show Cause entered on May 15, 2024. Petitioner's case is subject to dismissal on either of two theories: because the petition is moot or for his failure to prosecute.

<u>Background and Discussion</u>

In February of 2024, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking sentencing credits under the First Step Act (FSA). ECF No. 2. Petitioner, who was then a federal inmate at Forrest City Low Federal Correctional Complex, filed his petition in this Court, the district of his conviction, rather than in Eastern District of Arkansas, the district of his confinement. Petitioner was released from BOP custody on February 14, 2024, and he is currently in the custody of the Florida Department of Corrections, at Okaloosa Correctional Institution, which is within the jurisdiction of this Court.

In his petition, Petitioner contends the BOP improperly denied him First Step Act (FSA) credits to which he is entitled. He began serving a 240-month sentence for violations of Title 21 U.S.C. §§ 841, 846, 922 and 924 on November 16, 2007, which sentence he contends was due to expire in December of 2023. ECF No. 2-1 at 1. Petitioner was serving this sentence when the FSA was passed in 2018.

In August of 2020, Petitioner was sentenced to a consecutive term of one month imprisonment after being convicted of violating 18 U.S.C. § 1791(a)(2). ECF No. 2-1 at 1. This statute proscribes inmates from making, possessing or obtaining or attempting to make, or obtain, prohibited objects. Prisoners serving a sentence for violating § 1791 are ineligible to receive FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxix). Petitioner now complains that as a result of the second sentence, which he was not yet serving, the BOP determined he was also ineligible to earn FSA credits off his first sentence and it improperly revoked FSA credits he had earned even before the one-month consecutive sentence was imposed. ECF No. 2-1 at 1.

In the petition, which was dated a mere two weeks before his release from BOP custody, Petitioner seeks credit against his federal sentence for the FSA credits he earned. He also asks that, if the Court finds he has served more time on his current sentence than he was required to serve, any "unused" FSA credits be applied against

his term of supervised release. ECF No. 2 at 7. Finally, he seeks injunctive relief on behalf of other inmates in the form of a Court order directing the BOP to stop denying inmates FSA credits based on consecutive, non-FSA-eligible sentences they are not currently serving. ECF No. 2-1 at 10.

As to the latter request, Petitioner has not demonstrated he has standing to pursue relief on behalf of other inmates. As to his personal request for relief, his release from BOP custody has rendered his petition moot.

Clearly, credit can no longer be awarded against his expired custodial sentence. Additionally, this Court has previously held that FSA credits cannot be used to shorten a term of supervised release. *See Berry v. Gabby*, Case 4:23cv121/MW/MAL, 2023 WL 6798869 (N.D. Fla. Sep. 15, 2023) (citing *Harrison v. Federal Bureau of Prisons*, Case 22-14312, 2022 WL 17093441, at *1 (S.D. Fla. 2022) (based on the plain text of 18 U.S.C. § 3624, "FSA credits cannot be used to shorten a term of supervised release"). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison," because "[s]upervised release fulfills rehabilitative ends distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59, 60 (2000).

Based on the foregoing, on May 15, 2024, the Court issued an order to show cause affording Petitioner the opportunity to show cause, within thirty days, why his

petition should not be dismissed as moot due to his release from BOP custody. Petitioner was advised that failure to respond to the Order would result in a recommendation that the petition be dismissed. That time has elapsed without a response from Petitioner. Therefore, the petition should be dismissed as moot, or alternatively, for failure to prosecute or comply with an order of the court.[1]

Accordingly, it is respectfully RECOMMENDED:

1.    Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED**.

2.    The clerk be directed to close the case file.

At Gainesville, Florida on July 2, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings

---

[1] A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order.

or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.